# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 3:14-cr-00272-SI |
| Respondent, | **OPINION AND ORDER** |
| v. | |
| **ALISA D. CHRISTENSEN**, | |
| Defendant-Appellant. | |

S. Amanda Marshall, United States Attorney, Annemarie Sgarlata, Assistant United States Attorney, and Celeste Strate (law student appearing with permission), Office of the United States Attorney, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204. Of Attorneys for the United States of America.

Kenneth A. Kreuscher, Attorney at Law, 1130 S.W. Morrison Street, Suite 407, Portland, OR 97205. Of Attorneys for Defendant-Appellant.

**Michael H. Simon, District Judge.**

On June 24, 2014, Defendant-Appellant Alisa D. Christensen ("Appellant") was

convicted, after a bench trial before United States Magistrate Judge Paul Papak, of Disorderly

Conduct Creating a Disturbance in violation of 38 C.F.R. § 1.218(a)(5) and (b)(11).[1] Disorderly

---

[1] 38 C.F.R. § 1.218 concerns security and law enforcement at Veterans Administration facilities. 38 C.F.R. § 1.218(a)(5) defines the offense of Disorderly Conduct. 38 C.F.R. § 1.218(b)(11) sets the penalty provision related to 38 C.F.R. § 1.218(a)(5) for a term of imprisonment of not more than six months and a fine of not more than $250.

Conduct Creating a Disturbance under this provision is a Class B Misdemeanor, 18 U.S.C. § 3559(a)(7), and thus a petty offense as defined by 18 U.S.C. § 19. Judge Papak imposed a fine of $75, and ordered Appellant to pay, in addition to the fine, a processing fee of $25, a special assessment of $10, and restitution of $440.95, for a total of $550.95. The case is now before this Court on Appellant's timely appeal of her conviction under 18 U.S.C. § 3402 and Fed. R. Crim. P. 58(g)(2)(B). The only challenge raised by Appellant is to the sufficiency of the charging document. For the reasons that follow, Appellant's conviction is affirmed.

## STANDARDS

The court has jurisdiction over this appeal under Fed. R. Crim. P. 58(g)(2)(B). In an appeal from a magistrate judge's judgment of conviction, "[t]he scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. P. 58(g)(2)(D). Because the issue before the Court is a question of law, the magistrate judge's conclusions are reviewed *de novo*. *Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007).

## DISCUSSION

Appellant contends that the charging document in this case, a Central Violations Bureau ("CVB") Violation Notice and Statement of Probable Cause, failed to conform to the requirements of the Sixth Amendment and the Federal Rules of Criminal Procedure. Specifically, Appellant argues that because the charging document failed adequately to allege that she committed the elements of Disorderly Conduct Creating a Disturbance, it did not provide her with a sufficient description of the charge to enable her to prepare a defense or plead double jeopardy against potential future prosecutions.

PAGE 2 – OPINION AND ORDER

**A.  Law Governing the Sufficiency of a Charging Document**

The Sixth Amendment guarantees a criminal defendant the right "to be informed of the nature and cause of the accusation." *See* U.S. CONST. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation"); *In re Oliver*, 333 U.S. 257, 273 (1948) ("A person's right to reasonable notice of a charge against him, and an opportunity to be heard in his defense . . . are basic in our system of jurisprudence."). When determining whether a defendant has received fair notice under the Sixth Amendment of the charges against her, a court begins by analyzing the content of the charging document. *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994). The court must also recognize, however, that the demands of Sixth Amendment may vary depending upon the severity of the punishment at risk. For example, the Sixth Amendment also provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury." U.S. CONST. amend. VI. Nevertheless, in *Lewis v. United States*, 518 U.S. 322 (1996), the Supreme Court held: "The Sixth Amendment's guarantee of the right to a jury trial does not extend to petty offenses, and its scope does not change where a defendant faces a potential aggregate prison term in excess of six months for petty offenses charged." *Lewis*, 518 U.S. at 323-24. In addition, the Ninth Circuit has instructed that a charging document "should be read in its entirety, construed according to common sense, and interpreted to include facts which are necessarily implied." *United States v. Berger*, 473 F.3d 1080, 1103 (9th Cir. 2007) (quoting *United States v. King*, 200 F.3d 1207, 1217 (9th Cir. 1999)).

Further, Appellant argues that the standards of Fed. R. Crim. P. 3 and 7 (regarding complaints, indictments, and informations) apply to this case, or should at least be considered by analogy. The charging document here, however, was a CVB Violation Notice, not a complaint, indictment, or information. As the Ninth Circuit has explained, "[v]astly different levels of

judicial scrutiny apply to complaints and violation notices, respectively." *United States v. Boyd*, 214 F.3d 1052, 1057 (9th Cir. 2000).

Moreover, because Appellant was charged with and convicted of a petty offense, Rule 58 of the Federal Rules of Criminal Procedure ("Petty Offenses and Other Misdemeanors") must be examined. According to Rule 58(b)(1), "[t]he trial of a petty offense may also proceed on a citation or violation notice." Further, Rule 58(b)(2) provides: "At the defendant's initial appearance on a petty offense or other misdemeanor charge, the magistrate judge must inform the defendant of the following: (A) the charge, . . . ." Fed. R. Crim. P. 58(b)(2)(A). Finally, as the Eleventh Circuit has explained: "Rule 58 contemplates that the charging document for a petty offense need not be as formal or require as much as an indictment or information would." *United States v. Kowallek*, 438 F. App'x 889, 890 (11th Cir. 2011) (unpublished). [2]

---

[2]  In Defendant-Appellant's Memorandum of Additional Authorities, Appellant refers the Court to the Supreme Court's decision in *Argersinger v. Hamlin,* 407 U.S. 25, 28 (1972). In that case, the defendant, an indigent person, was charged in Florida with carrying a concealed weapon, an offense punishable by imprisonment up to six months. The defendant, unrepresented at trial, was convicted and sentenced to serve 90 days in jail. The Florida Supreme Court held that the defendant's right to court-appointed counsel extends only to trials for non-petty offenses punishable by more than six months imprisonment. The U.S. Supreme Court reversed, holding that the defendant did have a right to court-appointed counsel before being sentenced to any term of imprisonment. *Argersinger,* 407 U.S. at 40. In explaining its decision, the Supreme Court noted that the guarantees of the Sixth Amendment, made applicable to the states by the Due Process Clause of the Fourteenth Amendment, applies in "all criminal prosecutions" and that these guarantees include "the right to be informed of the nature and cause of the accusation."

No one disputes that a criminal defendant has the Sixth Amendment right to be informed of the nature and cause of the accusation, even for a petty offense where no jail time is imposed. The relevant question, however, is whether the *standard* for evaluating the sufficiency of a charging document remains the same, regardless of whether the context is a felony prosecution or one for a petty offense. Under the rule announced in *Argersinger*, no term of imprisonment may be imposed, even for one day, unless the accused is represented by counsel. *Id.* That necessarily means, however, that no right to counsel attaches under the Sixth Amendment in petty offenses where no term of imprisonment is imposed. *See also Lewis*, 518 U.S. at 323-24. Thus, there are different standards that apply under the Sixth Amendment depending on context, especially when a term of imprisonment is being imposed.

**B.  Regulatory Provision and Violation Notice**

Appellant was convicted of violating 38 C.F.R. § 1.218(a)(5), which states in part:

> Conduct on property which creates loud or unusual noise; which unreasonably obstructs the usual use of entrances, foyers, lobbies, corridors, offices, elevators, stairways, or parking lots; which otherwise impedes or disrupts the performance of official duties by Government employees; which prevents one from obtaining medical or other services provided on the property in a timely manner; or the use of loud, abusive, or otherwise improper language; or unwarranted loitering, sleeping, or assembly is prohibited.

The CVB Violation Notice issued to Appellant identifies the "Offense Charged" as "38 C.F.R. 1.218(a)(5) (b)(11)." Its Statement of Probable Cause asserts:

> On 11/13/2013, at about 1445 hours, the subject Christensen, Alisa was involved in a verbal and physical altercation in the street in front of building 104 on the Portland VA Medical Center. This altercation caused a disruption of the facilities operations by blocking traffic. Additionally, Christensen assaulted another individual during this incident. . . .

**C.  Analysis**

Appellant first argues that the charging document fails to allege all of the elements of the offense, contending that the charging document must show a violation of *every* clause of the regulation's text quoted above. The Court rejects this argument because it contradicts the plain text of the regulation. The word "or," as used in several places in 38 C.F.R. 1.218(a)(5), unambiguously indicates that a person may violate the statute in any one or more of the ways listed; a prosecutor need not prove that every one of the disjunctive clauses was violated. Appellant ignores the word "or," and this is not proper statutory construction. *See Huping Zhou*, 678 F.3d at 1113 ("an important rule of statutory construction" is that "every word and clause in a statute be given effect").

Appellant next argues that the charging document did not provide her with a sufficient description of the charge against her to enable her to prepare a defense, and she further contends that the charging document was so deficient that "defendant and undersigned counsel were at a loss prior to trial as to what evidence and law must be presented to the court to prepare a defense." To support this argument, Appellant provides a long list of "questions" that Appellant had concerning the nature of the charge against her. For example, Appellant argues that she was unable to prepare a defense because, based on the charging document, she was unsure whether she would be required to present evidence "that any verbal altercation was not loud, unusual, or abusive," as defined in the statute. This argument is unpersuasive, as are the other "questions" listed by Appellant. *See Black's Law Dictionary* 91 (9th ed. 2009) (defining altercation as "a vehement dispute; noisy argument"); Bryan A. Garner, *A Dictionary of Modern American Usage* 34 (1998) ("[t]he traditional view is that the word [altercation] refers to a 'noisy brawl or dispute'"). When "read in its entirety, construed according to common sense, and interpreted to include facts which are necessarily implied," *Berger*, 473 F.3d at 1103, the charging document was more than sufficient to provide Appellant with a description of the charges against her to enable her to prepare a defense.

Finally, Appellant argues that Judge Papak's findings "departed from any of the factual allegations of the charging instrument" and that she is therefore unable to plead double jeopardy against a potential second prosecution. In addition to this argument being materially different from Appellant's statement of the issues presented on appeal, it lacks substantive merit. The Court has reviewed the entire trial transcript and finds that Judge Papak provided a lengthy and thorough explanation of his conclusions, that Judge Papak's conclusions closely track the allegations made in the charging document, and that the Appellant will be able to plead double

jeopardy if she is ever again charged with disorderly conduct occurring on November 13, 2013

at 2:45 p.m. in front of Building 104 on the Portland Veterans Administration Medical Center.

## CONCLUSION

Appellant's Final Judgment of Conviction and Sentence is AFFIRMED.

**IT IS SO ORDERED.**

DATED this 3rd day of March, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge